IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES E. EVANS,

    Petitioner,

  v.

SWARTHOUT, Warden,

    Respondent.

No. C 14-1929 WHA (PR)

**ORDER GRANTING MOTION TO DISMISS**

(Dkt. 8)

      Petitioner, a California state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the petition should not be granted based on petitioner's two cognizable claims for relief. Respondent filed a motion to dismiss on the grounds that the claims have not been exhausted. Although granted time to do so, petitioner did not file an opposition to the motion.

      An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

      In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir.

1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not done so. While he filed a direct appeal to the California Court of Appeal, he does not indicate that he ever filed a direct appeal or a petition for a writ of habeas corpus to the California Supreme Court (Pet. 3-5). Respondent has indicated that their search for any appeals or petitions by petition in the California Supreme Court produced no results. To exhaust his claims, petitioner must properly raise them in the California Supreme Court. Petitioner has also not presented any exceptional circumstances to excuse his failure to exhaust. *See Granberry*, 481 U.S. at 134. Respondent's motion to dismiss is **GRANTED** and the petition is **DISMISSED** without prejudice to refiling after available state judicial remedies are exhausted.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December  17 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2